UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JONES,

                Petitioner,

v.

GARY MINIARD, et al.,

                Respondents.
_____/

Case No. 2:22-cv-11969

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
PETITIONER'S MOTION TO SUPPLEMENT AND
ADD ADDITIONAL INFORMATION [5], DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS [1] WITHOUT
PREJUDICE, AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Anthony Jones is an inmate at the Central Michigan Correctional Facility. ECF 1, PgID 9. He filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 1–7. Petitioner sought release because of an "emergency situation" caused by COVID-19, and because he is at risk of being harmed by COVID-19. *Id.* at 4. Two weeks after filing the petition, Petitioner filed a motion to supplement his petition in two ways. ECF 5. First, he desired to show that he sought relief pursuant to 28 U.S.C. § 2241 and § 2254. *Id.* at 17. Second, he asked to supplement his petition with a factual allegation that, at present, his current place of confinement is under an emergency COVID-19 outbreak. *Id.* at 19. For the

1

following reasons, the Court will grant Petitioner's motion to supplement his petition, deny Petitioner habeas relief, and deny him a certificate of appealability.[1]

## BACKGROUND

A jury convicted Petitioner in Wayne County Circuit Court of two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a), two counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(a), and one count of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520(e)(1)(a). *See People v. Jones*, No. 333572, 2018 WL 442322, *1 (Mich. Ct. App. Jan. 16, 2018). Six years into his sentence of eight to twenty-two years for each count, Petitioner filed a writ of habeas corpus and sought immediate release on the ground that he is at substantial risk of death or serious illness from COVID-19. ECF 1, PgID 1–7.

In his petition, Petitioner stated that he contracted COVID-19 in October 2020. ECF 1, PgID 2. He "died" from COVID-19 and "then fell from his top bunk, hit his head, and damage[d] his leg." *Id*. After a corrections officer resuscitated him, Petitioner was hospitalized. *Id*. at 3. While in the hospital, Petitioner received various tests. *Id*. He argued that one of the tests revealed cancer in his spine, which was caused by COVID-19. *Id*. Petitioner contended that his illness caused the "irreparable injury of death" and a chronic illness in his spine. *Id*. at 4. The possibility of reinfection, Petitioner argued, makes him in "imminent danger of 'serious physical

---

[1] The Court need not hold a hearing because Petitioner is proceeding pro se and is incarcerated. E.D. Mich. L.R. 7.1(f)(1).

2

injury' of a second death, cancer, bone cancer, a los[s] of nerve that can cause [him] to never walk again." *Id.* at 4. Finally, Petitioner claimed that he has been unable to secure an appointment with the chronic care health services at the Central Michigan Correctional Facility because there are too many prisoners seeking treatment. *Id.*

## LEGAL STANDARD

A State prisoner filing a petition for a writ of habeas corpus must first exhaust available State court remedies.[2] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the [S]tate courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). The claims must be "fairly presented" to the State courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). A prisoner fairly presents his claims by asserting the factual and legal bases for the claims in the State courts, *id.*, and by raising them as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020). The burden is on the petitioner to prove exhaustion. *Rust v. Zant*, 17 F.3d 155, 160 (6th Cir. 1994). "[A]

---

[2] The exhaustion requirement applies to State prisoners without regard to whether the petition is filed under 28 U.S.C. § 2254 or § 2241. *See Collins v. Million*, 121 F. App'x 628, 631 (6th Cir. 2005).

petition containing at least one issue which was not presented to the [S]tate courts must be dismissed for failure to comply with the total exhaustion rule." *Id.*

## DISCUSSION

Petitioner offered three reasons for why the Court should grant his petition for a writ of habeas corpus. ECF 1. But Petitioner did not allege that he exhausted his claims in State courts. *See id.* Instead, he argued that the exhaustion requirement is waivable under the current COVID-19 pandemic. *Id.* at 2. Petitioner cited *United States v. White*, No. 13-CR-20653-1, 2020 WL 2557077 (E.D. Mich. May 20, 2020) to support his argument. But *White* is distinguishable because it concerned a federal prisoner seeking compassionate release under 18 U.S.C. § 3582(c). *See White*, 2020 WL 2557077, *2. Section 3582(c) is a federal criminal statute that allows a federal sentencing court to reduce a federal defendant's sentence based on "extraordinary and compelling" reasons. *See* 18 U.S.C. § 3582(c). Because Petitioner is a State prisoner sentenced under State law, he may not obtain a reduction in his sentence or release under § 3582(c)(1)(A)(i). *See Christensen v. Cheeks*, No. 21-2926, 2022 WL 4239566, at *3 (6th Cir. Apr. 7, 2022). And unlike in a § 3582 case, the exhaustion requirement in Petitioner's case is not waivable. *See Smith v. Jackson*, No. 20-2264, 2021 WL 2555478, at *2 (6th Cir. June 3, 2021) (affirming district court's dismissal of a State prisoner's § 2241 petition for failure to exhaust State court remedies despite the petitioner's claim that he should be released because of the COVID-19 pandemic); *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472 (6th Cir. Dec. 11, 2020) (same).

4

Because the exhaustion requirement is not waivable, the Court must determine whether Petitioner exhausted his State court relief. *See O'Sullivan*, 526 U.S. at 845.

The Court will dismiss Petitioner's petition because he can still "file a postconviction motion, a [S]tate habeas corpus petition, or a [S]tate civil action, in which he can raise the claims raised in his present petition." *See Whitley*, 2020 WL 8771472, at *2. Petitioner has not exhausted his claims because he still has State procedures of which he has not availed himself. *Id*. His motion for a writ of habeas corpus is thus premature. *See O'Sullivan*, 526 U.S. at 845.

Even if Petitioner had exhausted his State court remedies, a habeas corpus petition is not the proper vehicle for his conditions-of-confinement claim that seeks access to medical care. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)). Such a claim should be raised in a complaint filed under 28 U.S.C. § 1983. *Id*. The Court would thus dismiss that claim even if Petitioner had properly exhausted his State court remedies.

In sum, the Court will dismiss Petitioner's request for a writ of habeas corpus without prejudice because he failed to exhaust the State court remedies available to him and because he brought a claim that is not cognizable in a petition for a writ of habeas corpus.

Last, to appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must show "that reasonable jurists could debate whether" the Court should

have resolved the § 2254 petition "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation omitted). Jurists of reason would not debate the Court's denial of the petition. The Court will thus deny a certificate of appealability. The Court will also deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE,** it is hereby **ORDERED** that Petitioner's motion to supplement and add additional information [5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the habeas petition [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 22, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager